FORT, trustee, *et al. v.* AMOS *et al.*, administrators.

The petition set forth a cause of action, and the persons joined as plaintiffs and defendants were properly made parties to the case. It was therefore error to sustain a demurrer in which it was set up that there was no equity in the petition and that there was a misjoinder of parties.

Submitted June 17, — Decided July 31, 1899.

Equitable petition. Before Judge Smith. Monroe superior court. August term, 1898.

*W. M. Clark* and *W. D. Stone*, for plaintiffs.
*J. B. Williamson* and *Berner & Bloodworth*, for defendants.

COBB, J. Robert L. Fort as trustee for John E. Amos, and as administrator with the will annexed of Anna Amos deceased, and S. D. Lee as trustee for Helena A. Lee and her minor children, brought their petition praying for equitable relief against Charles H. Amos and John D. McCowen as administrators of W. B. Amos deceased, and as administrators de bonis non of Emma H. Amos deceased, alleging, in substance, as follows: On August 12, 1883, Elijah M. Amos died testate, leaving a large estate. His will was duly proved and admitted to record, the legatees named therein being his children, W. B. Amos, Eugenia A. Fort, Helena A. Lee, Marianna Amos, and Edgar Amos, his grandchildren, the children of W. B. Amos, Eugenia A. Fort and Helena A. Lee, and Emma H. Amos, the wife of W. B. Amos. W. B. Amos qualified as executor of the will. By the terms of the will John E. Amos, Helena A. Lee and her children, Emma Amos, Anna Amos, and Emma H. Amos and her children were given legacies, some general and others specific, as well as an interest in the residue of the estate. W. B. Amos was appointed testamentary trustee for John E. Amos, who is a lunatic, Helena A. Lee and her children, Emma Amos, Anna Amos, and Emma H. Amos and her children, with authority to manage and control all the property bequeathed to these parties, in such manner as his best judgment might suggest. On January 16, 1884, W. B. Amos as trustee received from himself as executor all the property bequeathed to his cestuis que trust above named. Emma H.

Amos died in 1891, and her husband, W. B. Amos, was appointed the administrator of her estate. W. B. Amos died in 1895, and the defendants were appointed administrators of his estate, as well as administrators de bonis non of his wife's estate. Robert L. Fort has been appointed trustee for John E. Amos, and S. D. Lee has been appointed trustee for Helena A. Lee and her children, to succeed W. B. Amos deceased. Anna Amos has departed this life, and Robert L. Fort has been appointed administrator with the will annexed of her estate. At the death of Elijah M. Amos, W. B. Amos and his wife had no property except a residence, from which they derived no profit, and their only source of income was a small salary received by W. B. Amos as an insurance agent. On November 12, 1886, W. B. Amos purchased a house and lot, paying therefor the sum of $1,000 cash, and had the same conveyed to his wife, who has received in rents therefrom the sum of $1,500. The money paid for this property was a part of the trust fund in the hands of W. B. Amos belonging to plaintiffs, and to conceal the misappropriation W. B. Amos and his wife colluded and adopted the scheme of having the title taken in her name. A lot containing three acres adjoining the lot above referred to was purchased for $200, with a part of the trust fund, and the title taken in the name of the wife under a similar collusive arrangement. The lots above referred to are in the hands of the defendants as administrators of Emma H. Amos. W. B. Amos, with the knowledge and consent of his wife, appropriated $1,000 of the trust funds in his hands to the improvement of the residence bequeathed to her in the will of his father. W. B. Amos was insolvent at the time of his death, and had been so long prior thereto. A policy of insurance upon the life of W. B. Amos for $4,000 has been collected by the defendants. The premiums upon this policy were all paid by W. B. Amos out of the trust funds which he had in his hands. Under the will of Elijah M. Amos certain property was given Emma and Anna Amos to be used by them until they or either of them should marry, and upon the happening of this event the property was to be equally divided among the children of the testator. Anna is dead, and upon the death or marriage of

Emma the estate of W. B. Amos will be entitled to receive a one-sixth interest in this property. W. B. Amos at the death of his wife became entitled as one of her heirs to a one-tenth interest in the residence lot bequeathed to his wife and children in the will of his father. W. B. Amos died without accounting for the different sums which he had received as trustee, and notwithstanding repeated demands upon the defendants for accounting and settlement they have failed and refused to pay over to plaintiffs the sums due them on account of the misappropriation of trust funds by W. B. Amos, in which his wife actively aided and participated. The amounts alleged to be due each of the cestuis que trust are set out, and judgments against the administrators of W. B. Amos are prayed. The other prayers are, that it be decreed that when the property which is to be held by Emma Amos until her marriage or death and the lot bequeathed to the wife and children of W. B. Amos are sold, the interest of W. B. Amos in the proceeds be paid on the judgments rendered in this case in favor of plaintiffs; that the deeds made to the wife of W. B. Amos to the property hereinbefore referred to be cancelled, and that a decree be entered declaring that the plaintiffs are the owners of the property; that plaintiffs have judgment against her estate for $1,500 rents collected by her during her lifetime; and that defendants be required to pay to plaintiffs on the judgments obtained in this case the $4,000 collected from the policy of insurance on the life of W. B. Amos, and especially that the administrators of W. B. Amos be required to pay on such judgments $1,000 from the amount collected on the policy, this being the sum paid in premiums on the policy by W. B. Amos out of the trust funds in his hands.

The defendants demurred to the petition, on the following grounds: (1) There is no equity in the petition. (2) There is a misjoinder of plaintiffs, each of them holding a distinct and separate claim. (3) The pleadings show that neither of the plaintiffs has any right, title, or interest in the property sued for and sought to be recovered. (4) There is a misjoinder of defendants, the claims against the two estates represented by them being separate and distinct. (5) One of the prayers

for a general judgment against the defendants is not authorized in the pleadings, and such prayer should be stricken. The court sustained the demurrer and dismissed the petition, and the plaintiffs excepted.

There was equity in the petition. Its averments disclose a misappropriation by a trustee of a fund belonging to several persons, and a collusive arrangement between the trustee and his wife to conceal the misappropriation by taking title to property in the name of the wife, which she knew had been purchased with funds in which the several persons for whom the husband was trustee were interested. The legal representatives of the two persons thus conspiring to defraud the owners of the fund in the hands of one of them were properly joined as defendants in the action. The trustee having mingled the funds belonging to his different cestuis que trust and with the aid of his wife misappropriated the same so mingled, it was proper for all the cestuis que trust to unite in one action against the trustee. While the petition at some points may have been subject to special demurrer, as against the grounds of demurrer passed upon by the judge in dismissing the case, the petition set forth a cause of action, and there was no misjoinder of parties either plaintiffs or defendants. The court erred in dismissing the case.

*Judgment reversed. All the Justices concurring.*